IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18-CR-00527 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC T. GIBSON, JR., | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through its attorneys, Justin E. Herdman, United States Attorney, and Brian S. Deckert Assistant United States Attorney, and hereby files this sentencing memorandum.  The Government agrees with the calculations contained within the Presentence Investigation Report filed October 11, 2019.  (Doc. 34: PSR, PageID 113-31).  The Government recommends a sentence within the range specified in paragraph 48 of the report.

**I.    OFFENSE CONDUCT AND GUIDELINE CALCULATION**

A.    Offense Conduct

On or about July 13, 2018, in the Northern District of Ohio, Eastern Division, Defendant ERIC T. GIBSON, JR., having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, that being:  Robbery with firearm specification, in Case Number 2013-CR-579778, in Cuyahoga County Common Pleas Court, on or about April 15, 2014, did knowingly possess in and affecting interstate commerce a firearm, to wit:  a Smith & Wesson, Model SW9VE, 9 millimeter pistol, bearing serial number DYL3614, and 16 rounds of 9 millimeter ammunition, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

More specifically, on or about July 13, 2018, at approximately 10:00 PM, the Cleveland

Division of Police Gang Impact Unit arrived at 1560 Ansel Road, Cleveland, Ohio. Officers approached from the front and rear parking lot of the apartment complex in an effort to locate a wanted male in connection with an open investigation. Officers observed the Defendant GIBSON quickly walk across the parking lot and squat down next to a parked motor vehicle. Officers checked the vehicle and discovered a Smith & Wesson, Model SW9VE, 9 millimeter pistol, bearing serial number DYL3614, loaded with 16 rounds of 9 millimeter ammunition, resting on top of a tire on the vehicle. The firearm was reported stolen from a residence in Parma Heights, Ohio on February 26, 2016. The firearm and ammunition were manufactured outside of the State of Ohio and thus travelled in and affected interstate commerce. On July 17, 2018, GIBSON made a phone call from the Cuyahoga County Jail to a female during which he admitted possession of the firearm.

  B. Guideline Calculation

GIBSON was indicted on September 11, 2018, for one count of Felon in Possession of a Firearm and/or Ammunition, in violation of 18 U.S.C. § 922(g)(1). (R. 1: Indictment, PageID 1-2). On July 9, 2019, GIBSON pled guilty to the indictment without a plea agreement. The following is the relevant guideline calculations as correctly stated in the presentence report (Doc. 34: PSR, PageID 116).

| U.S.S.G. § 2K2.1: Felon in Possession of a Firearm and Ammunition (Count 1) | | |
|---|---|---|
| Base offense level | 20 | § 2K2.1(a)(4)(A) |
| Stolen firearm | +2 | § 2K2.1(b)(4) |
| **Subtotal** | **22** | |

The PSR details the extent of GIBSON's criminal history, of which only 8 points score, placing him in criminal history category IV. (Doc. 34: PSR, PageID 119). GIBSON receives a 3-level reduction for acceptance of responsibility. With a level 19 and a criminal history

category of IV, GIBSON's guideline imprisonment range is 46-57 months. (Doc. 34: PSR, PageID 122).

## II.     SENTENCING FACTORS 18 U.S.C. § 3553(A)

Upon properly calculating the advisory guideline range, this Court is required to follow 18 U.S.C. § 3553(a), which states:

> This Court is required to consider the following factors in determining the sentence.
>
>   (a)  Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
>   (1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
>
>   (2)  the need for the sentence imposed--
>
>     (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>     (B)  to afford adequate deterrence to criminal conduct;
>
>     (C)  to protect the public from further crimes of the defendant; and
>
>     (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
>   (3)  the kinds of sentences available;
>
>   (4)  the kinds of sentence and the sentencing range established for--
>
>   (5)  any pertinent policy statement--
>
>   (6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

      (7)  the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

  The nature and circumstances of GIBSON's offense and his history and characteristics indicate that this Court has much to consider. GIBSON is twenty-four years old and has repeated felony offenses involving violence and firearms over the past six years. GIBSON has continuously been either incarcerated or on post-release control since he became an adult.

  In April of 2013, GIBSON was convicted, at the age of 18, of Robbery (F-2) with a one year firearm specification in the Cuyahoga County Court of Common Pleas and sentenced to three years in prison. (Doc. 34: PSR, PageID 117). The PSR indicated that GIBSON pointed a revolver at the victim during a theft offense and threatened to shoot him if he did not leave. (Doc. 34: PSR, PageID 118). GIBSON was released from prison on March 8, 2017 and started his post-release control.

  Four months later, GIBSON was arrested and ultimately convicted of Attempted Carrying a Concealed Weapon (F-5). (Doc. 34: PSR, PageID 118). The PSR indicates that Cleveland Police found GIBSON in possession of a firearm. (Id.). On November 28, 2017, GIBSON was sentenced to twelve months in prison and was released on July 9, 2018, whereupon he started another term of post-release control. (Id.).

  On July 13, 2018, four days after being released from prison, GIBSON was arrested for the instant offense. As a result of GIBSON's consistent criminal activity over the last six years and absolute failure to benefit from previously imposed sanctions, the Government's position is that his criminal history score is not overrepresented, and a sentence within the guideline range reflects the seriousness of his offense, promotes respect for the law and provides just punishment for his criminal conduct.

4

Furthermore, the Presentence Investigation Report has not identified any factors as possible founds for a departure or variance from the sentencing guidelines provisions.

### III. DEFENDANT'S OBJECTIONS

GIBSON objects to the finding that his prior conviction for Robbery under Ohio's 2911.02(A)(2) was a crime of violence such that his base offense level was 20 instead of 14. GIBSON acknowledges that *United States v. Johnson*, 933 F.3d 540 (6th Cir. 2019) is controlling and requires that this Court find the appropriate level be 20.  The Government requests this Honorable Court find that GIBSON has a valid conviction that is considered an offense of violence and his appropriate offense level is 20.

GIBSON also objects to the 2-level enhancement due to his possession of a stolen firearm pursuant to U.S.S.G. § 2K2.1(b)(4)(A).  GIBSON bases his objection upon *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) and claims that this enhancement runs afoul of the holding in that case.  *Havis* is not applicable to application note 8(B) in U.S.S.G. § 2K2.1(b)(4)(A) because *Havis* dealt with an issue concerning *additions* to the Guidelines rather than what application note 8(B) is, an *interpretation*.  U.S.S.G. § 2K2.1(b)(4)(A) provides for a 2-level enhancement if any firearm, that was involved in the offense, was stolen.  Application note 8(b) explains that the enhancement applies "whether the defendant knew or had reason to believe that the firearm was stolen …."  *Havis* was decided in the context of *Stinson v. United States*, 508 U.S. 36 (1993), which held that commentary in the Guidelines which interprets or explains a guideline is authoritative.  The plain reading of § 2K2.1(b)(4)(A) indicates that the enhancement applies anytime a stolen firearm is involved in the offense. Application note 8(b) is a clear interpretation and explanation of § 2K2.1(b)(4)(A) and not in addition, and therefore should be applied to GIBSON.

## IV. CONCLUSION

Based on the repeated criminal history; his repeat offender status while under court supervision or sanction; and complete lack of regard for the criminal justice system, the Government respectfully requests this Court sentence GIBSON within the advisory guideline range.

        Respectfully submitted,

        JUSTIN E. HERDMAN
        United States Attorney

By:   /s/ Brian S. Deckert
        Brian S. Deckert (OH: 0071220)
        Assistant United States Attorney
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3873
        (216) 522-8355 (facsimile)
        Brian.Deckert@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 21st day of October 2019, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                       /s/ Brian S. Deckert
                                       Brian S. Deckert
                                       Assistant U.S. Attorney